Move now to Appeal 25-1199, United States v. Morales-Garcia, and we'll begin with oral argument on behalf of the appellant, and Mr. Flanagan, we'll start with you. Ian Flanagan on behalf of Miguel Morales-Garcia. In this case, the government introduced coded statements that may refer to heroin transactions to support charges for cocaine trafficking. The admission of that evidence in the district court violated Rules 404B and 403. The government then compounded the prejudice to the defendant by using that evidence in closing to paint the defendant as a, quote, proficient drug dealer. Also in closing, one of the prosecutors violated defendant's Fifth Amendment rights by commenting on his choice not to testify at trial and instead to remain silent. None of these errors were harmless, and each of them justified vacating the defendant's conviction and remanding to the district court. The purpose of Rule 404B is to ensure that the jury considers the evidence before it instead of using the mental shortcut that a person who has committed prior bad acts has also committed the crimes charged in an indictment. But in this case, the coded statements that may refer to heroin could only have been introduced for the purpose of painting the defendant as a serial drug trafficker who must have committed the offenses in the indictment in addition to any prior bad acts. The court may quickly dispense with both of the alleged permitted uses that the government has put forward in its briefing and below. The first is knowledge. However, knowledge of heroin sales does not equate to knowledge of pain sales, and the two ideas can only be linked through propensity-based reasoning to the fact that a defendant who has sold one type of drug must know about trafficking in another type of drug. What would be an example of the knowledge component of 404B, according to your argument, properly being applied here? In this, I don't think that the, so what the district court could have admitted properly under 404B was evidence that the defendant had engaged in prior transactions in the same narcotic if the issue of knowledge was contested. But in this case, knowledge about whether the substance was a controlled substance under federal law was not a contested issue, and so even evidence about the same narcotic should not have been admissible under 404B. So your argument is it's not just the fact that there should have been a no-knowledge component of 404B, it's that plus the fact that the word heroin shouldn't have been mentioned, is that right? Yes, Your Honor. I think it matters both what the substance of the statement was, what it's about, and also whether there was any contested issue at the trial in district courts about whether the defendant knew that the substance he was discussing with the undercover officer was in fact a controlled substance. The other permitted use that the government has put forward is intent. However, again, there is no way to connect the statements that may refer to heroin to defendants' alleged intent to traffic in cocaine without relying on the, without relying on propensity-based reasoning that a person who has trafficked in one drug must intend to traffic in a different drug on another occasion. As you note, Mr. Morales-Garcia was not disputing knowledge or intent or much. He was really focusing on quantity. So can you address the government's harmless error argument given that? Yes, Your Honor. Weight was the primary contested issue, although Mr. Morales-Garcia did plead not guilty and hold the government to its written approval on all issues. In this case, the admission of the other acts evidence was not harmless because it may have affected the jury's consideration of both the credibility of fact witnesses and of the weight of the expert testimony presented by the government. Could you be a little more specific for me? So the credibility of the fact witnesses on this issue of the heroin conversation, I guess those witnesses would be who? The undercover officer with whom Mr. Morales-Garcia was speaking in that conversation. And in this case, the fact witnesses put forward by the prosecution were law enforcement officers, and much of the case turned on the credibility of those officers. But those witnesses were not the same witnesses who were establishing weight for the government, right? But is the idea that, well, all of these witnesses are law enforcement witnesses, even if one witness's purpose is the conversation with Mr. Morales-Garcia, and the other witness's purpose is to establish how much the weight of drugs recovered and tested? Yes, Your Honor. And in this case, the evidence could have affected the jury's consideration of the expert testimony presented by both sides and of the fact witnesses. And I think those are both examples of why the error was not harmless in this case. In addition to excluding the evidence under Rule 404B, the evidence should also have been excluded under Rule 403 because the risk of unfair prejudice to the defendant substantially outweighed the minimal probative value that the evidence had. To address briefly the probative value, defendants' comments that were introduced as other acts of evidence were brief, cryptic, and had to be decoded by a government witness. The defendant himself never used the word heroin or expressly referenced heroin trafficking. So the value is minimal. But the unfair prejudice to the defendant was quite severe because the government was able to portray him, through both the fact witness testimony and the closing argument, as a serial drug trafficker who had repeatedly engaged in large-scale trafficking of narcotics. Turning to the other issue on appeal, one of the prosecutors violated the defendant's Fifth Amendment rights in closing by stating, among other things, that there was nothing to say in the defense counsel's closing arguments about whether the defendant had committed the offenses charged in the indictment. But the reason why the government was able to say that in its rebuttal closing was that the defendant exercised his Fifth Amendment right not to testify. And in this case, did the prosecutor say there was nothing to say? Or did the prosecutor say, you don't hear a defense counsel talking about? Because those are two different statements. Yes, Your Honor. The prosecutor did say there is nothing to say with respect to whether or not the defendant committed the crimes. That's on page 66 of the facts. And that statement is significant because this case arose from an undercover investigation and there were no witnesses that the defendant could have called to rebut testimony from the government's fact witnesses, except for the defendant himself who chose to exercise his Fifth Amendment rights. And with that, Your Honors, I would like to reserve the rest of my time for rebuttal. Very good. Thank You, Mr. Flanagan. We'll move now to argument on behalf of the appellee, Mr. Chimura. May it please the court, Tony Chimura for the government. The district court did not abuse its discretion in admitting evidence of other drug crimes and appropriately found that the government did not make inappropriate statements during the rebuttal closing argument. The district court found that the admission of the other drug crimes was admissible as other act evidence under Federal Rule of Evidence 404B. The heroin conversation was relevant to the defendant's knowledge. It showed that the defendant was aware that he was involved in a controlled substance, which was an element that the government had approved. The propensity-free chain of reasoning was that the defendants knew that he was selling a controlled substance and that he was, in this conversation, he's distinguishing between two substances. His words are the other kind. As the conversation is talking about one kind of narcotic being cocaine, he's able to distinguish and say the other kind as an heroin, showing that he knew that this was a controlled substance that they were talking about. This is the same conversation that the defendant is having with the undercover agent about the cocaine. And this in totality shows that the defendant had knowledge that he was engaging in a narcotics conspiracy. Mr. Chimura, can you take one step back? One impression I had of the case, it's really neither here nor there, but I want you to respond to it. Given the strength of the government's case, it surprised me that you had any interest at all in admitting the statements about the heroin. Why even go down this road? I mean, as I read the briefs, I kept thinking, well, the government got what it asked for, an appeal. I understand the question, Your Honor. There is an abundance of evidence here. However, from the government's perspective... I mean, you charge cocaine, you charge cocaine dealing, and the next thing you know, there's heroin evidence in the case. I'm thinking, what? Your Honor, the government's in a position where it needs to be an extremely high burden, beyond reasonable doubt. I cannot ascertain what the jury's going to take in as evidence or not evidence. Therefore, the government put forth... Didn't the defendant show up at a meeting with a pillowcase full of five kilos of cocaine? Yes, he did. Pretty good case. That is good evidence, Your Honor. However, like I said, the government wanted to put forth as much evidence as possible so they could ensure that it would meet its burden. The evidence was admissible, and that is why the government brought forward that evidence. Although Judge Connelly indicated some concern about his previous ruling at the time of the motion for reconsideration, or at the later point, the motion for new trial. Correct? Yes, Your Honor. I mean, I have a fair bit of sympathy for the argument that Mr. Flanagan is making. Well, if he's dealing heroin, he's dealing cocaine, he's dealing everything. He's a drug dealer. I mean, just try the case that's charged. Your Honor, again, this was evidence that was very probative. Of what? It was probative that the defendant knew that he was involved in a narcotics conspiracy. As he's having this conversation about the cocaine deal, which is the set of conversations... Just look in the bag that he brought to the meeting. He's pretty interested in drug dealing if he brings a pillowcase full of five kilos of cocaine. To one extent, Your Honor, I agree. However, the defense didn't stipulate to knowledge or possession. These were all elements that the government had approved. Sure, but you know, ex-ante, you know that the content of the bag was removed. It was given to a DEA chemist. It tested positive. Is this crack or coke powder? I don't know what you charged. It's one of the two. Test positive, and it was weighed. You know that's evidence you're going to offer. Correct, Your Honor. But in addition, this evidence of the conversation that he's having with the undercover agent... First of all, it's the set-up conversation to the cocaine deal, and it's not just a side conversation. As they're talking about the cocaine deal, and they're first introduced to each other and meeting each other, the defendant interweaves this conversation about a heroin sale, and it is very probative that he is aware of what he is engaging in. Look, my only point, you guys do the charges, you do the cases. I just have a big reaction here, like, you know, you got what you asked for. You're standing here. Yes, Your Honor. The evidence was extremely highly probative, as we just discussed. In regards to whether the evidence was unfairly prejudicial, it was not. This evidence was included into the broader conversation of the cocaine conversation. During that conversation, the defendant is explaining that he is knowledgeable about the narcotics, his participation in the narcotic deal, how drug weight affects pricing. They're talking about possible further sales after the initial sale. They're discussing the evasion of law enforcement, using cars with traps in them. And even if there was error here, that error was harmless. The evidence, as we've just discussed, was extremely overwhelming in this case. In regards to the government making an inappropriate statement during rebuttal, the government did not. The government's remarks were proper. The government, at closing, was commenting on the defense's argument. The defense focused solely on the weight. However, as stated before, the defense didn't stipulate. So therefore, the government still had to prove those elements. And that is what the government attorney was doing here. Acknowledging that there were elements that the government had to prove. And if these statements were seen as improper, again, this would be harmless error. So you're drawing a distinction between the gravamen of the defense being amount and the fact that there could have been stipulations to certain elements that there weren't. Yes, Your Honor. Were there any stipulations with regard to any elements? That was not that's on the record. There were conversations between the parties, but it never came to fruition. Although you certainly don't need stipulations because the government was and is able to, in any closing, to say you don't see the defense disputing knowledge. You don't see the defense disputing intent, etc., etc. Yes, Your Honor. And I think that in her way, that is how the government's attorney was phrasing her response. And in regards to this could be harmless error, Judge Cannelli gave an instruction to the jury before closing argument that the government has a burden of proof. The government reminded the jury multiple times that the government has a burden of proof. And again, as we discussed, the strength here was overwhelming. Told the jury the defendant has no obligation to testify. In fact, he has an unequivocal right not to. Right? That was part of the instruction as well. That is correct, Your Honor. You know, going back to the 404B issue and harmlessness, your point here this morning and in your briefs that it was harmless error if there was an error ties back into Judge Scudder's point. The government didn't need this evidence anyway. Should you be allowed to have it both ways? Both ways? Sorry, just a little bit more clarification, Your Honor. You are asking us to say there was no error whatsoever. You are also saying if there was an error, you know, it was harmless. With your first argument that there was no error, you are saying we really, really, really needed this evidence. You had a conversation with Judge Scudder. We definitely needed this evidence. Is there a tension there? I believe that the evidence was admissible. And as I told Judge Scudder, we needed to meet our burden. And this was evidence that was going to help us meet our burden. And it was intertwined in that conversation. It wasn't like a set-aside conversation. We just said, hey, let's add this on. I mean, in fairness, I mean, I know I'm giving you a hard time because I want to make sure you hear me. But Judge Kennelly also made the point this is a very limited and brief reference. Did he not? Yes, Your Honor. I mean, it's a very, very small part of – is it a furniture store? They're at a restaurant. Restaurant, right. There's that conversation. This is a tiny part of it. That is correct. They shift over into talking about the cocaine deal. Is there no further questions? Thank you, Mr. Chamorro. Thank you. Mr. Flanagan, we'll go back to you now for a bottle argument. You've got about a minute. Thank you, Your Honors. Three points in rebuttal. First, the error was not harmless because it could have prejudiced the jury's consideration of the evidence, and jury instructions are not sufficient to cure that prejudice when the only way for the jury to connect the statements to the elements of knowledge or intent is through propensity-based reasoning. And I will also note on this point that in our opening brief we cited six panel opinions from this court in which the court found that the admission of evidence of prior drug dealing was not harmless error, and the government did not attempt to distinguish any of those cases. Second, knowledge and intent were never put at issue, and the case law from the circuit does not require formal stipulations in order to bar the admission of 404B evidence. And finally, while the conversation about heroin was fairly short, the government emphasized it in closing at page 37 of the appendix. Thank you. Thank you very much, Mr. Flanagan. Thank you, Mr. Chamorro. The case will be taken under advisement. Thank you very much.